UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JORGE LUIS GARCES CHAVEZ[1] *et al.* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-230 |
| | § | |
| GEO GROUP, INC.[2] *et al.* | § | |

**ORDER**

Before the Court is Petitioner Jorge Luis Garces Chavez's Motion for Temporary Restraining Order to Prevent Imminent Removal (Dkt. No. 17). After a careful review of the applicable law, the Court **DENIES** Petitioner's Motion (Dkt. No. 17).

## I.   BACKGROUND

Petitioner Jorge Luis Garces Chavez, a Venezuelan citizen, last entered the United States in November 2021 (Dkt. No. 1-2 at 1–2, ¶¶ 2, 5). On October 24, 2025, during a routine immigration appointment, officials detained him despite him claiming TPS status (Dkt. No. 1-2 at 2–3, ¶ 9). In response, the authorities informed him that his TPS status had been revoked (Dkt. No. 1-2 at 3, ¶ 11). Earlier this year, an Immigration Judge ("IJ") ordered him removed to Ecuador; however, he appealed the order, which

---

[1] The parties filed a joint stipulation of dismissal for Edison Leo Mendoza Coronel pursuant to Federal Rule of Civil Procedure 41 (Dkt. No. 12). Although the parties cite nonexistent Rule "41(a)(1)(ii)," the Court interprets it as under Rule 41(a)(1)(A)(ii) since it is a joint stipulation signed by all appearing parties. Therefore, the stipulation's filing automatically dismissed Mr. Mendoza Coronel's claims against Respondents without prejudice. *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013) (a Rule 41(a)(1)(A)(ii) dismissal is effective upon filing); *see also Suarez-Rangel v. United States*, No. 3:17-CR-341-B(13), 2020 WL 5219559, at *2 (N.D. Tex. Aug. 17, 2020) (construing a notice as a Rule 41(a)(1)(A)(ii) dismissal in a habeas proceeding and noting the dismissal was effective upon filing), *report and recommendation adopted*, No. 3:17-CR-341-B(13), 2020 WL 5215153 (N.D. Tex. Aug. 31, 2020). The Clerk of Court is **DIRECTED** to **TERMINATE** Edison Leo Mendoza Coronel from this action.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem and David Venturella is substituted for Respondent Todd Lyons under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

remains pending (Dkt. No. 1-2 at 3, ¶ 12). Petitioner Garces Chavez is currently detained at the Rio Grande Processing Center (Dkt. No. 1 at 4, ¶ 10). He, along with the other Petitioners, filed their Petition asserting their continued detention is unlawful and seeking their immediate release (Dkt. No. 1 at 12–13). Respondents advised the Court of their intent to transfer him to the Alexandria Staging Facility in Alexandria, Louisiana, and Petitioner filed the instant motion requesting the Court enjoin them from transferring him until the Court resolves his Petition and related motion (Dkt. Nos. 16, 17).

## II.    LEGAL STANDARD

"A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief,' which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (citing *Hassani v. Napolitano*, No. 3:09-cv-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. 2009)). "[A] movant must establish (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest." *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015) (quoting *Trottie v. Livingston*, 766 F.3d 450, 451 (5th Cir. 2014)). The decision to grant a TRO falls within the district court's discretion. *Amador Molina v. Bullock*, No. CV 26-2357, 2026 WL 1984401, at *1 (W.D. La. July 9, 2026) (citing *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017)). Given their extraordinary nature, courts should generally deny such motions. *Id.* (collecting cases).

### III.  DISCUSSION

For purposes of 28 U.S.C. § 2241, jurisdiction is determined at the time of the petition's filing, irrespective of a subsequent transfer. *Owens v. Roy*, 394 F. App'x 61, 62–63 (5th Cir. 2010) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004)). Since Petitioner Garces Chavez was detained at the Rio Grande Processing Center at the time Petitioners filed the petition, the Court retains jurisdiction to adjudicate this action even if Petitioner is transferred to Louisiana (Dkt. No. 1 at 4, ¶ 10). *Id.* (citing *Rumsfeld*, 542 U.S. at 442–43). As other courts confronted with this issue have found, Petitioner fails to demonstrate that enjoining Respondents from transferring him is necessary for the Court to resolve his petition. *Amador Molina*, 2026 WL 1984401, at *2; *Hidalgo Centeno v. Johnson*, No. 3:26-CV-01606 SEC P, 2026 WL 1390882, at *1 (W.D. La. May 18, 2026); *Alvarez Perez v. Warden, Prairieland Det. Ctr.*, No. 3:26-CV-1592-K-BN, 2026 WL 1730889, at *1 (N.D. Tex. May 18, 2026), *report and recommendation adopted sub nom.*, *Perez v. Warden, Prairieland Det. Ctr.*, No. 3:26-CV-1592-K-BN, 2026 WL 1727136 (N.D. Tex. June 15, 2026).

Additionally, the Court notes that it lacks jurisdiction over "claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (citation modified) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)). "A request for stay of removal is a challenge to a removal order." *Id.* (citation omitted). Even if Petitioner's relief is framed as seeking to preserve the *status quo*, to the extent it is really a request for stay of removal, the Court is without jurisdiction to grant such relief.

*Amador Molina*, 2026 WL 1984401, at \*1 (collecting cases); *Imran*, 2026 WL 93131, at \*1.

### IV.  CONCLUSION

For the reasons above, Petitioner Jorge Luis Garces Chavez's Motion for Temporary Restraining Order to Prevent Imminent Removal (Dkt. No. 17) is **DENIED**. Petitioners' Petition for Writ of Habeas Corpus and TRO motion (Dkt. Nos. 1, 2) remain pending.

It is so **ORDERED**.

**SIGNED** July 15, 2026.

Marina Garcia Marmolejo
United States District Judge

4