United States District Court
Southern District of Texas
**ENTERED**
October 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JORGE LUIS GARCES CHAVEZ *et al.* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-230 |
| | § | |
| GEO GROUP, INC. *et al.* | § | |

**ORDER**

**A. Hybrid Representation**

The Court previously granted in part Petitioners' Petition for Writ of Habeas Corpus (Dkt. No. 19). Since then, Petitioner Jorge Luis Garces Chavez and his wife have filed various motions principally seeking his release (Dkt. Nos. 21, 23, 24). Since Mr. Garces Chavez is represented by counsel, he can only move for relief through his attorney. *See Goliakov v. Noem*, No. EP-25-CV-00613-DCG, 2026 WL 822445, at *1 (W.D. Tex. Mar. 24, 2026) (collecting cases) ("A party is not entitled to 'hybrid representation'—that is, to simultaneously proceed pro se and through counsel."). Further, Mr. Garces Chavez's spouse does not appear to be an attorney and does not represent him in this case. She cannot file motions on his behalf. The Clerk of Court is **DIRECTED** to **STRIKE** Petitioner's Urgent Request for Release, Declaration and Urgent Request for Release, and Renewed Emergency Motion for Release from Immigration Detention (Dkt. Nos. 21, 23, 24) as neither were filed by Mr. Garces Chavez's attorneys of record.

**B. Entry of Final Judgment**

In their petition, Petitioners raised two claims for relief concerning their immigration-related detention (Dkt. No. 1 at 12–13). Neither party apprised the Court of Petitioner Garces Chavez's order of removal. However, based on the parties' filings, the

Court determined that 8 U.S.C. § 1225(b)(2) applied to his detention[1] (Dkt. No. 19 at 4–8). There is no dispute that the bond hearing occurred (Dkt. Nos. 22 at 1; 25 at 2). Respondents represent that the Immigration Judge ("IJ") denied Petitioner bond based on their finding that he is a flight risk (Dkt. No. 22 at 1).

Petitioner Garces Chavez nonetheless contends that he has not received a copy of the IJ's Order to confirm the IJ's reasoning for the denial (Dkt. No. 25 at 2). The Court sees no reason to question Respondents' representation of the IJ's determination, but moreover, Petitioner's concern misses the point that Respondents' statutory authority for his detention has changed. *See Van Do v. Ward, Camp E. Mont.*, No. 3:25-CV-00634-LS, 2026 WL 949060, at *2 (W.D. Tex. Apr. 7, 2026) ("A detainee held under 8 U.S.C. § 1231 can only challenge his detention on due process grounds under the framework laid out in [*Zadvydas v. Davis*, 533 U.S. 678 (2001)], unless exceptional circumstances apply" (citing *Castaneda v. Perry*, 95 F.4th 750, 760–61 (4th Cir. 2024))). As a result, his claims concerning pre-removal detention would be moot. *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (finding petitioner's prolonged detention claims moot when his statutory grounds shifted following his removal order becoming final); *see also Gutierrez Gutierrez v. Warden, Adams Cnty. Corr. Ctr.*, No. 5:26-CV-266-DCB-RPM, 2026 WL 2194772, at *2 (S.D. Miss. July 15, 2026), *report and recommendation adopted sub nom.*, *Gutierrez Gutierrez v. Warden*, No. 5:26-CV-266-DCB-RPM, 2026 WL 2189362 (S.D. Miss. July 29, 2026).

To the extent Petitioner seeks for the Court to review the IJ's decision, it is not the Court's place to usurp the IJ's role in weighing the evidence as presented. 8 U.S.C.

[1] The Court also ordered Respondents to afford Petitioner Leidis Mairith Linarez Silva a bond hearing, and Respondents subsequently released her on August 12, 2026 (Dkt. No. 20 at 1).

§ 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole"); *see also Perez v. Noem*, No. SA-25-CA-01534-XR, 2025 WL 3654262, at *4 (W.D. Tex. Dec. 5, 2025) (Rodriguez, J.) (citing *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 144 (D. Mass. 2019)) (noting district courts lack jurisdiction to consider an IJ's discretionary decision to deny an alien bond). To date, neither party has moved for relief from the Court's Order ruling on Petitioners' petition (Dkt. No. 19). Since no claims raised in the petition remain pending, the Court will enter Final Judgment under separate cover. *See* Fed. R. Civ. P. 58(a). Of course, should Petitioners continue to seek relief associated with their post-order of removal detention, such claims should be brought in a separate habeas action.

It is so **ORDERED**.

**SIGNED** October 20, 2026.

Marina Garcia Marmolejo
United States District Judge